# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

**Case Number:** 3:20-cv-50

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>S.A. ALSAN AND ASSOCIATES, INC. also doing business as THE ALSAN GROUP; SPENCER SPIRIT HOLDINGS, INC., STAG GI COMPANY, LLC, SUNRISE ROOFING, INC., JONES LANG LaSALLE AMERICAS, INC. and ASSET MANAGEMENT CONSULTANTS, LLC,<br><br>Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT** |

COMES NOW Plaintiff, The Cincinnati Insurance Company (also known as Cincinnati Insurance Company, hereafter "Cincinnati"), by and through counsel, and pursuant to 28 U.S.C. §§ 1332 and 2201, complains and avers as follows:

## PRELIMINARY STATEMENT

1. This declaratory judgment action arises out of a roof collapse that allegedly occurred on or about September 1, 2016 at a commercial building ("Building") located at 10701 Nations Ford Road in Charlotte, North Carolina.

2. S.A. Alsan and Associates, Inc./The Alsan Group ("Alsan") allegedly provided certain inspections and recommendations regarding the condition of the roof prior

1

to the collapse.

3. Cincinnati issued a policy of insurance, policy number EPP 001 71 70/ EBA 001 71 70 ("Policy"), to "S A Alsan and Associates, Inc., The Alsan Group" with an effective policy period of April 12, 2016 to April 12, 2017.

4. Pursuant to 28 U.S.C. § 2201, Cincinnati seeks a declaratory judgment and adjudication concerning the rights, obligations and liabilities of the parties under the Policy. Specifically, Cincinnati denies that the Policy provides coverage for the claims asserted against Alsan in an underlying lawsuit entitled "*Spencer Spirit Holdings, Inc. v. Sunrise Roofing, Inc., S.A. Alsan & Associates, Inc., d/b/a The Alsan Group, Jones Lang LaSalle Americas, Inc., and Asset Management Consultants, LLC*," case number 3:19-cv-186-GCM ("the Underlying Lawsuit"), which action concerns the roof collapse and is currently pending in the United States District Court for the Western District of North Carolina.

5. Cincinnati denies that it has a duty to defend or to indemnify Alsan in connection with the Underlying Lawsuit or to otherwise provide coverage for any damages alleged as a result of the roof collapse.

6. On September 5, 2018, Cincinnati filed a Complaint for Declaratory Relief in the Circuit Court of Cook County, Illinois, Chancery Division, case number 2018CH11217 ("Illinois DJ Action"), against Defendants.

7. On July 30, 2019, an Order was entered in the Illinois DJ Action to confirm that Cincinnati voluntarily dismissed, without prejudice, its action for declaratory relief, with each party to bear its own costs and fees.

8. Cincinnati hereby re-files its claim for declaratory judgment.

## PARTIES and JURISDICTION

9. Plaintiff Cincinnati is an insurance company incorporated in the State of Ohio and with its principal place of business in Cincinnati, Ohio.

10. Defendant S.A. Alsan and Associates, Inc., also doing business as The Alsan Group, (hereinafter "Alsan") is a corporation incorporated in the State of Illinois and with a principal place of business in Illinois.

11. Defendant, Spencer Spirit Holdings, Inc., is the Plaintiff in the Underlying Lawsuit claiming damages against Alsan and others as a result of a roof collapse that occurred on or about September 1, 2016. According to the Underlying Lawsuit, Spencer Spirit Holdings, Inc. is a Delaware corporation with a principal place of business in New Jersey, whose subsidiary, Spencer Gifts LLC leased the Building.

12. Defendant, STAG Capital Partners and/or STAG GI Charlotte, LLC, was the owner of the Building, and, upon information and belief, was at all relevant time periods an LLC with a principal office in Boston, Massachusetts.

13. Defendant, Sunrise Roofing, Inc., was the roofing contractor that installed the roof at the Building and was at all relevant times a North Carolina corporation.

14. Upon information and belief, Defendant, Jones Lang LaSalle Americas, Inc., was a property manager for the Building and is a Maryland corporation with its principal place of business in Baltimore, Maryland.

15. Upon information and belief, Defendant, Asset Management Consultants, LLC, was a property manager for the Building and is a South Carolina corporation with its

principal place of business in Charlotte, North Carolina.

16. This Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. § 1332 based on diversity of citizenship and as the amount in controversy exceeds Seventy-Five Thousand and 00/100 Dollars ($75,000.00).

## STATEMENT OF FACTS

17. Cincinnati issued a policy of insurance, policy number EPP 001 71 70/ EBA 001 71 70 ("Policy"), to Alsan with an effective policy period of April 12, 2016 to April 12, 2017. (A true copy of the Policy is attached hereto as Exhibit A.)

18. The Policy includes a Commercial General Liability (CGL) coverage part and a Commercial Umbrella Liability (Umbrella) coverage part, pursuant to the terms, conditions, exclusions and endorsements of the Policy.

19. An endorsement, CG 22 33 07 98, entitled "**TESTING OR CONSULTING ERRORS AND OMISSION EXCLUSION**" ("CGL Endorsement") is included in the Policy, which provides in relevant part as follows:

> This endorsement modifies insurance provided under the following:
>
> **COMMERCIAL GENERAL LIABILITY COVERAGE PART**
>
> The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage A Bodily Injury and Property Damage Liability** and Paragraph **2., Exclusions** of **Section I – Coverage B Personal and Advertising Injury Liability**:
>
> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:
>
> 1. An error, omission, defect or deficiency in:
>
>     a.   Any test performed; or

4

        b.        An evaluation, a consultation or advice given, by or on behalf of any insured;

    2. The reporting or reliance upon any such test, evaluation, consultation, or advice; or

    3. An error, omission, defect or deficiency in experimental data or the insured's interpretation of that data.

20. In a similar manner, the Policy includes an endorsement, US 382 12 04, entitled "**TESTING OR CONSULTING ERRORS AND OMISSION EXCLUSION**" ("Umbrella Endorsement") that provides in relevant as follows:

> This endorsement modifies insurance provided under the following:
>
> **COMMERCIAL UMBRELLA LIABILITY COVERAGE PART**
> **PROFESSIONAL UMBRELLA LIABILTY COVERAGE PART**
> **PROFESSIONAL UMBRELLA LIABILITY COVERAGE PART- CLAIMS MADE**
>
> **Section I – Coverage, B. Exclusions** (an in the Professional Umbrella Liability Coverage Part and the Professional Umbrella Liability Coverage Part – Claims-Made only: Subparagraph 1.) is modified to add the following:
>
> This insurance does not apply to:
>
> Any liability arising out of:
>
> **a**. An error, omission, defect or deficiency in:
>
>     **(1)** Any test performed; or
>     **(2)** An evaluation, a consultation or advice given, by or on behalf of any insured;
>
> **b.** The reporting or reliance upon any such test, evaluation, consultation, or advice; or
>
> **c.** An error, omission, defect or deficiency in experimental data or the insured's interpretation of that data.

5

21. Alsan entered into an agreement with STAG Capital Partners and/or STAG GI Charlotte, LLC, the owner of the building, to inspect and make recommendations regarding the replacement of a roofing system at a warehouse building ("Building") located at 10701 Nations Ford Road in Charlotte, North Carolina.

22. Alsan inspected the roof of the Building on July 9, 2010 and on September 19, 2011. (True and accurate copies of Alsan's inspection reports, as received by Cincinnati are attached as Exhibits B-1 and B-2.)

23. In the reports of both inspections, Alsan described deteriorated conditions of the roof and made recommendations for repair, maintenance and replacement.

24. Upon information and belief, on or about April 18, 2014, STAG GI Charlotte, LLC entered into a contract with Sunrise Roofing, Inc. ("Sunrise Roofing"), a North Carolina company, to perform necessary repairs to the roof of the Building, including replacing portions of the existing roof. Repairs were made to the roof in 2014.

25. Upon information and belief, Spencer Spirit Holdings, Inc. ("Spencer Spirit") leased the Building from EWE Warehouse Investments XVI Ltd.

26. Alsan only provided consultations and advice for the roof repairs at the Building. Alsan did not undertake any of the physical tasks of repairing the roof at the Building or any other physical tasks regarding the repairs at the Building.

27. The roof of the Building allegedly collapsed on or about September 1, 2016.

28. On February 20, 2019, Spencer Spirit filed a lawsuit against Sunrise Roofing and Alsan in the United States District Court for the Middle District of North Carolina, case number 3:19-cv-00195 (original Underlying Lawsuit), and alleged claims of

6

negligence and negligence per se against Alsan. (A copy of the Complaint filed in the original Underlying Lawsuit is attached hereto as Exhibit C.)

29. Specifically, Spencer Spirit alleges certain errors and omissions of Alsan in the Underlying Lawsuit, including that Alsan was negligent in its inspection, evaluation, review and supervision of the roof installation at the Building.

30. The Underlying Lawsuit was transferred to the United States District Court for the Western District of North Carolina, case number 3:19-cv-00186.

31. On August 29, 2019, Spencer Spirit filed an Amended Complaint to add claims against Jones Lang LaSalle Americas, Inc. and Asset Management Consultants, LLC in the Underlying Lawsuit. (A copy of the Amended Complaint in the Underlying Lawsuit is attached hereto as Exhibit D.) The Amended Complaint did not assert any new allegations against Alsan.

32. Cincinnati continues to deny coverage for the claims alleged against Alsan in the Underlying Lawsuit, pursuant to the terms and conditions of the Policy, including specifically the CGL Endorsement and Umbrella Endorsement.

## **CLAIM FOR RELIEF- DECLARATORY JUDGMENT**

33. Cincinnati hereby incorporates by reference all preceding allegations contained in this Complaint as if fully set forth herein.

34. A real, actual and justiciable controversy exists between Cincinnati and Defendants regarding Cincinnati's obligations under the Policy issued to Alsan.

35. Pursuant to the terms, conditions, exclusions and endorsements of the Policy, Cincinnati maintains that it is entitled to a judgment declaring and adjudging that it is not

obligated to pay any sums for indemnity on behalf of Alsan for damages arising out of the allegations in the Underlying Lawsuit and that Cincinnati has no duty to defend Alsan against the claims in the Underlying Lawsuit.

**WHEREFORE**, Cincinnati prays this Honorable Court for the following relief:

1. That Court declare and decree that Plaintiff/Cincinnati is not obligated in any way to pay any damages that Alsan may become legally obligated to pay as a result of the Underlying Lawsuit;

2. That a declaratory judgment be entered adjudging and declaring that Plaintiff/Cincinnati is not required to defend Alsan in the Underlying Lawsuit;

3. That the Court make such award of costs as allowed by law or that it deems equitable and just; and

4. That Plaintiff/Cincinnati have such other and further relief as the Court deems just and proper.

This the 24th day of January, 2020.

                                        PINTO COATES KYRE & BOWERS, PLLC

                                        /s/ Deborah J. Bowers
                                        Deborah J. Bowers
                                        N.C. Bar No.: 24937
                                        Email: dbowers@pckb-law.com

                                        /s/ Lenneka H. Feliciano
                                        Lenneka H. Feliciano
                                        N.C. Bar No.: 42823
                                        Email: nfeliciano@pckb-law.com

3203 Brassfield Road
Greensboro, NC 27410
Telephone: (336) 282-8848
Facsimile: (336) 282-8409
*Attorneys for Plaintiff, The Cincinnati Insurance Company*